## SIMONTON *v.* EL DORADO COUNTY.

By an act passed in 1855, Constables in El Dorado County were allowed the same fees as Sheriffs for like services in criminal cases. In 1859 an act was passed allowing the Sheriff of that county fifty cents per mile for travel in making an arrest. In 1860, by a special act making no reference to Constables, the Sheriff in that county was made a salaried officer, and allowed no fees— Sec. 15 providing that all former acts " conflicting with the provisions of this

---

Simonton *v.* El Dorado County.

act are hereby repealed *so far as they relate to the said several officers herein named."* In 1862 an act amendatory of the act of 1860 was passed, the second section of which provided, as an amendment to Sec. 8 of the original act, that two deputies should be allowed the Sheriff, and that " the said deputies *or other officers performing such service* should receive twenty cents per mile in criminal cases for each mile actually traveled in going only; and Sec. 5 of which declared that " so much of any acts or parts of acts (as are) inconsistent with the provisions of this act are hereby repealed :" *held,* that the last act applied to Constables, and repealed all the provisions of former acts in reference to their mileage in criminal cases, and that they are entitled therefore to only twenty cents per mile for travel in such cases.

APPEAL from the Eleventh Judicial District.

The facts are stated in the opinion.

*John Hume,* District Attorney, for Appellant.

*S. W. Sanderson,* for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an action to recover fees for services as a Constable in criminal cases. The Board of Supervisors allowed the plaintiff's account at the rate of twenty cents per mile, in making arrests in criminal cases, and the plaintiff claims that he is entitled to fifty cents per mile in such cases. The plaintiff recovered judgment in the Court below, from which the defendants appeal.

Several statutes have been passed regulating the fees of certain officers in El Dorado County, among others one, in 1860, which regulated the fees of Sheriff. This law was afterward amended in 1861, and again in 1862; by Sec. 2 of the latter act it is provided that the Sheriff of that county shall be allowed two deputies, that " the said deputies, *or other officers performing such service,* shall receive twenty cents per mile, in criminal cases, for each mile actually traveled in going, only," and that such compensation shall be paid out of the county treasury. Sec. 5 of this act provides that " so much of any act or acts [as are] inconsistent with the provisions of this act are hereby repealed." (Stat. of 1862, 129, 130.)

The services in this case were rendered since this last act took

effect, and the compensation therefor is consequently regulated by its provisions. The allowances for services in criminal cases applies to Deputy Sheriffs and "all other officers performing such services," which clearly includes Constables. The rate of compensation is fixed at twenty cents per mile for each mile actually traveled in going only; and that is the amount the plaintiff is entitled to receive for his services.

But the respondent claims that by the twelfth section of the Act of 1855 (Stat. of 1855, 85, 86), he was allowed the same fees as Sheriffs for like services in criminal cases; that by the special act of 1859 (Stat. of 1859, 362), the Sheriff of El Dorado County was allowed "for service of any process, in criminal cases, for each mile necessarily traveled, twenty cents; and in case of an arrest, fifty cents per mile;" that those laws still remain in force as to Constables of that county, and that he is therefore entitled to fees at the rate fixed by the latter act. These Acts of 1855 and 1859, if not repealed in direct terms by other acts subsequently passed, are clearly inconsistent with the provisions of the Act of 1862, so far as they relate to the question before us, and were therefore repealed by Sec. 5 of the latter act. The respondent is not, therefore, entitled to compensation at the rates fixed by the Act of 1859.

The Board of Supervisors allowed him the full amount that he was entitled to, and he has therefore no right of action for any further sum.

The judgment of the Court below is reversed, and the suit is dismissed at the costs of the plaintiff.